S:\FILES\4647_LEGRAND BLEU\PLEADINGS\4647COMPLAINT.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Plaintiff
ISS MARINE SERVICES, INC. d/b/a
INCHCAPE SHIPPING SERVICES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISS MARINE SERVICES, INC. d/b/a )
INCHCAPE SHIPPING SERVICES, ) 05 Civ. 5501 (DAB)
 )
            Plaintiff, ) VERIFIED COMPLAINT
 )
      - v. - )
 )
M/Y LE GRAND BLEU, her engines, )
tackle, apparel, etc., in rem, and )
ASHCHURCH HOLDINGS LIMITED, in per- )
sonam, )
            Defendants. )

---

Plaintiff, by its attorneys, Kennedy Lillis Schmidt & English, for its verified complaint against the defendants alleges upon information and belief as follows:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has jurisdiction pursuant 28 U.S.C. §1333.

3. Plaintiff, ISS Marine Services, Inc, d/b/a Inchcape Shipping Services (hereinafter "Inchcape") is a California corporation with an office in place of business at 1000 Route 9 North, Suite 301, Woodbridge, New Jersey 07095.

4. The defendant, M/Y (motor yacht) LE GRAND BLEU, one of the largest yachts in the world, is 100.83 meters in length and 5,556 gross tons.

5. The defendant's vessel M/Y LE GRAND BLEU is now or will be during the pendency of this action within the jurisdiction of this Court.

6. The defendant, Ashchurch Holdings Limited with an office and place of business at 3rd Floor, Omar Hodge Building, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands is the registered owner of the M/Y LE GRAND BLEU.

7. On or about June 20, 2004, the purser aboard the M/Y LE GRAND BLEU contacted Inchcape and asked Inchcape to act as the ship's agent during the defendant M/Y LE GRAND BLEU's call to the Port of New York during the summer of 2004.

8. The M/Y LE GRAND BLEU arrived in New York on or about July 29, 2004 and docked in Manhattan near the aircraft carrier Intrepid.

9. During the vessel's call in New York, Inchcape performed the usual services of a ship's agent, including arranging for various services for the vessel, advancing monies for services and supplies, such as pilotage fees, transportation for the crew, and Customs clearance for a helicopter which was being shipped from Europe to New York to be placed on board the yacht.

10. During the vessel's call in New York, the defendants incurred Inchcape agency fees and expenses in the amount of $37,397.66, no part of which has been paid despite repeated demands.

11. The services provided by Inchcape to the defendants constitute "necessaries" pursuant to 46 U.S.C. §§ 31341-31342 of the Maritime Commercial Instruments and Liens Act of 1988, 46 U.S.C. §§ 31301-31343.

12. Under 46 U.S.C. § 31342 of the Maritime Commercial Instruments and Liens Act of 1988, plaintiff Inchcape has a

3

maritime lien against the M/Y LE GRAND BLEU for the agency fees and services provided to the M/Y LE GRAND BLEU.

WHEREFORE, plaintiff prays:

1.   that process in due form of law issue against the defendants citing them to appear and answer all and singular the matters of aforesaid;

2.   a judgment be entered in favor of the plaintiff against the defendants for the amount of plaintiff's damages, together with attorneys' fees, interests, costs, and the disbursements of this action;

3.   that process in due form of law according to the practice of this Court and causes of admiralty and maritime claims, issue against the vessel M/Y LE GRAND BLEU, her engines etc., and that all persons having or claiming any interests therein be cited to appear and answer under oath, all and singular the matters of foresaid, and that this Court pronounce judgment in favor of plaintiff for its damages as aforesaid with interests, costs, and disbursements and that the vessel may be condemned and sold to pay therefore; and

4

      4.   that this Court grant to plaintiff such other and further relief as may be just and proper.

Dated:  New York, New York  
          June 9, 2005

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiff  
ISS MARINE SERVICES, INC. d/b/a  
 INCHCAPE SHIPPING SERVICES

By: _____  
Craig S. English (CE9890)  
75 Maiden Lane – Suite 402  
New York, New York  10038-4816  
Telephone:  212-430-0800  
File:  4647

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

CRAIG S. ENGLISH, being duly sworn, deposes and says:

I am an attorney-at-law admitted to practice in the courts of New York State and a Member of the Firm of Kennedy Lillis Schmidt & English, attorneys of record for defendant, Port of Egypt Marine, Inc. in the within action.

I have read the annexed Complaint and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: my review of the file and several meetings with my client.

The reason I make this verification instead of defendant is that the defendant resides in a county other than the one in which your affirmant maintains his office.

I affirm that that the foregoing statements are true under penalty of perjury.

_____
CRAIG S. ENGLISH

Sworn to before me this
9th day of June, 2005

_____
Notary Public

GAIL ZAMMITO
Notary Public, State of New York
No. _____ - 4795021
Qualified in Kings County
Certificate Filed in New York County
Commission Expires June 30, 2007

6